# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIRGINIA P. BRENNAN and DEANE STOKES, JR., on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 04-433-DRH<br>)<br>) |
| v. | )<br>)<br>) |
| AT&T CORP., a New York Corporation, | )<br>) |
| Defendant. | ) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On September 4, 2008, the Court held a hearing to determine whether the proposed class action settlement in this case should be granted final approval and a judgment entered pursuant to the settlement. The Court has considered all arguments and written submissions made in connection with the matter, including any objections or comments by class members. The Court now finds and orders as follows:

1. All defined terms used herein have the same meanings set forth for such terms in the Stipulation of Settlement dated May 23, 2008 ("Stipulation").

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Class Members, and Defendant.

3. Notice of this Action, the proposed Settlement, and the Fairness Hearing was given to the Class in accordance with the Order Granting Preliminary Approval of Proposed Settlement, Directing Notice to Class, And Setting Fairness Hearing, dated June 16, 2008 ("Notice Order"), consisting of individual mailed notice to all potential Class Members who

could be identified with reasonable effort from Defendant's records, supplemented by publication of a summary notice. The form and method of giving notice to the Class met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto.

4. The Court makes final its determination that for purposes of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the number of Class Members is so numerous that joinder of all individual Class Members is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiffs' claims are typical of the claims of the Class they seek to represent; (d) Plaintiffs and their counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication or resolution of the controversy.

5. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court makes final its certification of the following Class for purposes of Settlement: All persons who were charged the $3.95 MRC beginning in January 2004, paid such charges, were not credited/refunded such charges, and did not use AT&T long-distance telecommunication services at any time on or after August 1, 2001. The Class includes Plaintiffs and excludes Defendant; persons for whom Defendant has evidence of authorization to submit a preferred carrier (PIC) change order to become presubscribed to AT&T, in accordance with 47 C.F.R. 64.1120(c), at any time on or after August 1, 2001; any judge to whom the Action is assigned and his or her immediate family; and all persons who submitted valid requests for exclusion from the Class. A

list of all persons who submitted valid exclusion requests is attached hereto as Exhibit 1. All persons who meet the foregoing Class definition and are not listed in Exhibit 1 are Class Members and are bound by this Final Judgment And Order of Dismissal ("Judgment"), the Notice Order, and all other orders of the Court.

6. In this Action, Plaintiffs allege Defendant billed the $3.95 MRC and related charges, fees, and taxes to people who were not AT&T's customers, beginning in January 2004. Plaintiffs allege that AT&T's actions violated the Communications Act, 47 U.S.C. §§ 201-202, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*; and gave rise to claims for unjust enrichment and for money had and received. For purposes of the Settlement, the Court makes final its certification of these claims for class treatment.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court makes final its appointment of Plaintiffs Deane Stokes, Jr., and Virginia P. Brennan as the representatives of the Class for purposes of the Settlement.

8. Having considered the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court makes final its appointment of Plaintiffs' Counsel, the law firm Girard Gibbs LLP, to represent the Class for purposes of the Settlement.

9. The Court grants final approval of the Settlement as fair, reasonable, and adequate, and directs the Parties to implement and consummate the Settlement in accordance with the Stipulation.

10. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

11. All Class Members who failed to submit an objection to the Settlement in

accordance with the deadline and procedure set forth in the Notice Order are deemed to have waived and are forever foreclosed from raising the objections.

12. The Court hereby dismisses the Complaint with prejudice and without costs, except as provided in the Stipulation, and renders judgment in favor of defendant AT&T Corp.

13. Plaintiffs and all Class Members are hereby deemed to have fully, finally, and forever released, relinquished, and discharged Defendant from all Settled Claims, and are permanently barred and enjoined from pursuing any Settled Claims against Defendant.

14. Defendant is hereby deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, and all Class Members from any and all claims, demands, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, arising out of , based upon, or related to the initiation, prosecution, assertion, litigation, settlement, or resolution of the Action or the Settlement Claims. Defendant is hereby permanently barred and enjoined from pursuing any such claims, demands, liabilities, or causes of action against Plaintiffs, Plaintiffs' Counsel, or any Class Members.

15. Deane Stokes, Jr., and Virginia P. Brennan, representatives of the Class for purposes of the Settlement, are hereby awarded $5,000 each, to be paid by Defendant and included in calculating the Total Disbursement in accordance with the Stipulation. The Court finds such incentive awards to be fair and reasonable in light of the time and energy devoted by the named plaintiffs to the prosecution of this litigation.

16. Plaintiffs' Counsel are hereby awarded $2,170,000 in fees, which the Court finds to be fair and reasonable, and $ 250,000 in reimbursement of expenses. Such amounts shall be paid by Defendant in accordance with the Stipulation. In making this award of attorneys' fees and

reimbursement of expenses, the Court has considered and found that:

    a. The Settlement will result in substantial payments to Class Member who file acceptable proofs of claim, and that such class Members will benefit from the Settlement created by Plaintiffs' Counsel;

    b. More than 664,000 copies of the settlement Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of $2,170,000 and reimbursement of expenses in the amount of $250,000, and no objections were filed against the terms of the proposed Settlement on the attorneys' fees and expenses requested by Plaintiffs' Counsel contained in the Settlement Notice;

    c. Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

    d. The action involves complex factual and legal issues and was actively prosecuted by Plaintiffs' Counsel for over three years and, in the absence of a settlement, would involve further lengthy proceeding with uncertain resolution of the complex factual and legal issues;

    e. Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from Defendant;

    f. Plaintiffs' Counsel have devoted substantial amounts of time and effort pursuing this litigation;

    g. As described in the Stipulation, the Parties have agreed to the amounts of attorneys' fees awarded and expenses reimbursed through an arm's-length

negotiations; and

h. The amounts of attorneys' fees awarded and expenses reimbursed are consistent with awards in similar cases.

17. Neither the Stipulation nor the Settlement, nor any discussion had, act performed, or document prepared or executed pursuant to or in furtherance of the Stipulation or Settlement, (a) may be used as an admission, concession, or evidence of the validity of any Settlement Claims, or of any wrongdoing or liability of Defendant; (b) may be used as an admission, concession, or evidence of any fault or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) may be used as an admission, concession, or evidence of the appropriateness of class certification in the Action for litigation purposes; or (d) may be used or admitted for any purpose other than enforcement of the terms of the Stipulation or the Settlement.

18. The Court finds that at all times during this Action, Plaintiffs, Defendant, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19. Neither Plaintiffs' Counsel's application for incentive awards, attorneys' fees, and reimbursement of expenses, nor any order or proceedings relating to the application, nor any appeal from any order relating thereto or reversal or modification thereof, shall in any way affect or delay the finality of this Judgment, and all such matters shall be considered separate from this Judgment.

20. Without affecting or delaying the finality of this Judgment, the Court retains exclusive jurisdiction over the Parties and Class Members for all matters relating to this Action and the Settlement, including (a) the administration, interpretation, implementation, or enforcement of

the Stipulation and this Judgment; (b) the Parties' motion for the Distribution Order authorizing payment of Class Members' claims; (c) further proceedings, if necessary, on applications for attorneys' fees and expenses in connection with the Action or Settlement; and (d) any dispute over attorneys' fees or expenses sought in connection with the Action or Settlement.

**IT IS SO ORDERED.**

DATED: September 4, 2008.

/s/ David R Herndon
CHIEF JUDGE
UNITED STATES DISTRICT COURT