IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEANE STOKES, JR., and**
**VIRGINIA BRENNAN, on behalf**
**of themselves and all others**
**similarly situated,**

**Plaintiff,**

**v.**

**AT&T CORP., a New York Corporation,**

**Defendant.**                                                   No. 04-433-DRH

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Dale F. Cook, Sr.'s Motion for Severance (Doc. 287). Mr. Cook requests that the Court sever his claim from the above-captioned class action because he was not given adequate notice to opt out of the action. Defendant AT&T has filed a response arguing that the notice was sufficient and Cook failed to file a timely request for exclusion (Doc. 288). For the following reasons, the Court **DENIES** Cook's motion for severance (Doc. 287).

### II. Procedural History

On May 29, 2008 Plaintiffs submitted a stipulation fo settlement with AT&T to the Court for preliminary approval. (Doc. 268). On June 16, 2008, the Court granted preliminary approval of the proposed settlement. (Doc. 277). The Court further approved the designation of The Garden City Group as the Claims

Administrator as well as the Mailed Notice and Claim Forms for mailing to potential class members. (*Id.* at ¶¶ 11 & 12). The Court stated that all class members would be bound by all determinations and judgments in this action and in order to request an exclusion from the Class, the Court required members to send a written exclusion request to the address designated for exclusion requests in the Mailed Notice, postmarked no later than August 22, 2008. (*Id*. at ¶ 20).

On September 5, 2008, the Court granted final approval of the Settlement as fair, reasonable, and adequate. The Court determined that the form and method of notice met the requirements of Federal Rule of Civil Procedure 23 and due process, constituted the best notice practicable, and constituted due and sufficient notice. (Doc. 285). The Court made a final determination that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) had been satisfied. (*Id.* at ¶ 4). The Court also determined that the class excluded all persons who submitted a valid request for exclusion. (*Id*. at ¶ 5 & Ex. 1). Cook was not listed in attached Exhibit 1. The Final Order also stated that all class members who were not listed in Exhibit 1 were bound by the final order and judgment, the Notice Order, and all other orders of the Court. On February 2, 2009, Cook filed the present motion, requesting that his claim be severed from the class action. (Doc. 287).

### III. <u>Analysis</u>

Cook now asks this Court for severance of his claims against AT&T. Cook argues that he was not given adequate and sufficient notice to opt out of the

class action. Cook claims that the Claim Form stated that the form had to be postmarked on or before January 31, 2009 which led him to believe that he had until such date to opt out. However, the Court has already approved the Mailed Notice and Claim Forms and determined that the form and method of notice met the requirements of Rule 23. The Mailed Notice sent by GCG included a large box entitled "Your Legal Rights and Options in this Settlement" which stated that each class member could "exclude [themselves] from the class by August 22, 2008." (Doc. 289, Ex. 1). In addition to the instructions on the first page of the Notice, the Notice also provided an extensive Question and Answer portion which explained class members various rights and options under the Settlement. Specifically, Question 8 asked "What am I giving up to obtain a payment or stay in the class?". The answer stated that by staying in the class, class members were giving up "any right [they] may have to pursue, continue to pursue, or be part of any other lawsuit against AT&T." (*Id.*). The answer portion further instructed class members that if they wished to maintain their right to sue, then they had to exclude themselves from the class. *(Id.)*. The subsequent Question 9 and the answer portion explained how class members could exclude themselves from the class, instructing members to submit an exclusion request "postmarked no later than August 22, 2008."[1] Thus, Cook was provided with sufficient notice and details regarding his ability to and requirements for excluding himself from the class.

---

[1] The Court notes that the answer portion of Question 9 lists the postmarked date in bold typeface as well as instructs class members, in bold typeface, where to submit their exclusion requests.

Further, as AT&T argues, Cook received sufficient notice of the settlement and opt-out deadlines. Cook's motion attaches a copy of the Claim Form, demonstrating that he received the Mailed Notice. Further, GCG's records show that Mailed Notice was sent to Cook's address on July 3, 2008. (Doc. 289 at ¶ 4). Although Cook received sufficient notice regarding the requirements for exclusion from the class and the opt-out deadlines, Cook failed to submit a request for exclusion. Instead, Cook concedes that he submitted a Claim Form, although he argues that such a form is not a relinquishment of his rights. However, because Cook has failed to submit a timely request for exclusion after receiving sufficient notice, he is bound by the terms of the Settlement.

## IV. Conclusion

Accordingly, the Court finds that Cook is bound by the terms of the Settlement because he failed to submit a timely request for exclusion after receiving adequate Notice of the opt-out requirements. Therefore, Cook's motion for severance (Doc. 287) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 17th day of April, 2009.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**